`FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 FEB -8 PM 2: 18

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

BRUCE MAINOR,

                Petitioner,                    Case No.:    3:07-cv-769-J-20MCR
                                                            3:04-cr-206-J-20MCR

v.

UNITED STATES OF AMERICA,

                Respondent.

_____

## ORDER

Before this Court are Petitioner's Rule 60(b)(6) Motion to Re-Open 28 U.S.C. § 2255

(Doc. 41; Case No. 3:07-cv-769-J-20MCR) and Petitioner's Requests to Take Judicial Notice

and for Status (Docs. 43, 44, and 45; Case No. 3:07-cv-769-J-20MCR).

On August 20, 2007, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1; Case No. 3:07-cv-769-J-

20MCR), which was denied on September 25, 2008 (Doc. 24; Case No. 3:07-cv-769-J-20MCR).

On February 19, 2009, Petitioner's Motion for Certificate of Appealability was denied (Doc. 34;

Case No. 3:07-cv-769-J-20MCR). The Circuit Court of Appeals denied the appeal on April 30,

2009 (Doc. 39; Case No. 3:07-cv-769-J-20MCR).

In the instant motion, Petitioner seeks, pursuant to Federal Rule of Civil Procedure 60(b),

to reopen his previously denied § 2255 motion. Specifically, Petitioner maintains that

intervening changes in the law in interpreting the equitable tolling doctrine have rendered this

Court's prior decision erroneous.

The Eleventh Circuit has provided that the avenue to attack a federal conviction and sentence is pursuant to § 2255. *Birdsell v. Alabama*, 834 F.2d 920, 922 n.5 (11th Cir. 1987). Furthermore, in *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), the Supreme Court determined that a Rule 60(b) motion is a successive petition for writ of habeas corpus when new grounds for relief are pursued or if a court's prior determination of a claim, on the merits, is challenged.

Accordingly, since Petitioner has failed to move in the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider the instant petition, this Court is without jurisdiction to entertain the motion. *See* Antiterrorism and Effective Death penalty Act of 1996, Section 106(b)(3)(A) (before a second or successive habeas corpus application is filed in this Court, Petitioner shall move in the United States Court of Appeals for the Eleventh Circuit for an order authorizing the district court to consider the application).

Accordingly, it is **ORDERED**:

1 Petitioner's Rule 60(b)(6) Motion to Re-Open 28 U.S.C. § 2255 (Doc. 41; Case No. 3:07-cv-769-J-20MCR) is **DENIED**;

2. Petitioner's Requests to Take Judicial Notice and for Status (Docs. 43, 44, and 45; Case No. 3:07-cv-769-J-20MCR) are **DENIED as MOOT**;

3. The Clerk of Court is directed to terminate all pending motions and **CLOSE** the file.

**DONE AND ENTERED** in Jacksonville, Florida, this ___ day of February, 2012.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:

Bruce Mainor, *Pro Se*
Frank Merrill Talbot, II, AUSA